IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

BERNARD J. DOLENZ                          §

VS.                                        §        CIVIL ACTION NO.  1:04cv698

RUDY CHILDRESS                             §

<u>MEMORANDUM OPINION</u>

Plaintiff Bernard J. Dolenz, a federal prisoner, proceeding *pro se*, filed this civil rights action

against Rudy Childress, Harley Lappin, and John Ashcroft.

<u>Factual Background</u>

Plaintiff objects to the manner in which the Bureau of Prisons is calculating the amount of

good time credit he may earn during his sentence.  Plaintiff states that under 18 U.S.C. § 3624(b),

he is permitted to earn 54 days of good time credit per year, based upon the sentence imposed.  The

Bureau of Prisons has concluded plaintiff is eligible for a maximum of 47 days of good conduct time

per year, based on the amount of time he will actually serve.  Accordingly, plaintiff contends the

Bureau of Prisons is failing to follow the dictates of Section 3624(b).  Plaintiff seeks monetary

damages and injunctive relief to force prison officials to recalculate his good time credit.

<u>Standard of Review</u>

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

if it:  (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3)

seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous

where it lacks an arguable basis either in law or fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim.  *Id.*

<u>Analysis</u>

Title 18 U.S.C. § 3624(b)(1) provides, in part, as follows:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

28 C.F.R. § 523.20, the regulation promulgated by the Bureau of Prisons in order to implement Section 3624(b), was adopted through use of the notice-and-comment procedure provided for by the Administrative Procedure Act.  *White v. Scibana*, 390 F.3d 997, 1000-01 (7th Cir. 2004).

Accordingly, the regulation is entitled to the deference provided for in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  *Id.*  Under *Chevron*, courts are instructed to initially examine the statute itself to determine whether Congress has spoken as to the precise issue in such a way that the intent of Congress is clear.  If the answer to this question is "no," because the statute is silent or ambiguous, courts must determine whether the interpretation adopted by the agency "is based on a permissible construction of the statute."  *Chevron*, 467 U.S. at 843.

Section 3624(b) is ambiguous at least to the extent that it does not clearly support plaintiff's argument that he should receive 54 days of good time for each year of his term of imprisonment, as opposed to 54 days of good time for each year he actually serves.  *Brown v. McFadden*, __ F.3d __, 2005 WL 1618739 at 2 (11th Cir. July 12, 2005); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 533 (4th Cir. 2005); *Perez-Olivo v. Chavez*, 394 F.3d 45, 52 (1st Cir. 2005); *White*, 390 F.3d at 1002-03; *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001).  Accordingly, the court must consider whether the Bureau's interpretation of the statute--under which inmates receive 54 days of good time credits for each year actually served--is a permissible construction of the statute.

A court may reverse an agency's construction of an ambiguous or silent statute only if it finds the construction is arbitrary, capricious, or manifestly contrary to the statute.  *El Paso Elec. Co. v. F.E.R.C.*, 201 F.3d 667, 670 (5th Cir. 2000).  "The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding."  *Chevron*, 467 U.S. at 843, n.11.  "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible

3

construction of the statute." *Id.* at 843.  The court should give the agency's interpretation of the statute great deference.[1]

After considering the text of Section 3624(b), it cannot be concluded the Bureau's construction of the statute is impermissible.  Under the Bureau's construction, an inmate only receives good conduct time days for time he has actually served.  This construction is supported by the statute's provision that good conduct time is only earned and awarded for exemplary compliance with institutional disciplinary regulations.  Under plaintiff's interpretation of the statute, he would receive good conduct time for days he did not actually spend incarcerated and could not have demonstrated exemplary compliance with institutional disciplinary regulations.   Plaintiff's interpretation of the statute would result in him receiving a windfall in the form of credit for good conduct time days he did not earn.  The agency's interpretation of the statute is supported by language in the statute stating that "a prisoner . . . may receive credit toward the service of the prisoner's sentence, *beyond the time served*, of up to 54 days . . . ."  18 U.S.C. § 3624(b) (emphasis added).

For the reasons set forth above, the Bureau of Prisons' construction of Section 3624(b) is reasonable.  *Brown*, 2005 WL 1618739 at 2; *Yi*, 412 F.3d at 534; *Perez-Olivo,* 394 F.3d at 53; *Pacheco-Camacho*, 272 F.3d at 1270-71 ("This interpretation comports with the statutory language of section 3624(b), and does not subvert the statutory design.  It establishes an effective and fair

---

[1]       An agency's interpretation of a statute is only entitled to deference when Congress has vested the agency with the authority to "elucidate a specific provision of the statute by regulation."  *Pacheco-Camacho*, 272 F.3d at 1270 (quoting *Chevron*, 467 U.S. at 843-44).  Section 3624(b) does not explicitly vest the Bureau of Prisons with such authority, but the authority is implied by the Bureau's authority to grant good time credits.  *Id.*  Accordingly, 28 C.F.R. § 523.20 falls within the implied authority of the Bureau of Prisons and is entitled to judicial deference.  *Id.*

prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits . . . .").  The Bureau's interpretation must therefore be upheld.[2]

Conclusion

Because the Bureau's interpretation of the statute is entitled to deference, this civil rights action is frivolous and fails to state a claim upon which relief may be granted.  A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **8**  day of **September, 2005.**

Thad Heartfield
United States District Judge

---

[2]      In *Sample v. Morrison*, the Fifth Circuit, in dicta, agreed with the reasoning of *White* and *Pacheco-Camacho*.  *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).